JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Donald A. Silvis, appeals from the judgment of the Cuyahoga County Court of Common Pleas that granted the request for an injunction of plaintiff-appellee, city of Parma, Ohio, and disallowed Silvis from continuing to reside at 4102 Maplecrest Avenue in Parma. For the reasons stated herein, we reverse the decision of the trial court and remand the matter for further proceedings.
 {¶ 2} On February 28, 2006, the city filed a complaint for injunction and motion for preliminary injunction. The city requested an order from the court to enjoin Silvis, both preliminarily and permanently, from continuing to reside at 4102 Maplecrest Avenue in Parma ("the residence"). The order was sought pursuant to R.C. 2950.031, a statute that prohibits a person who has been convicted of certain sexually oriented offenses from establishing a residence or occupying a residential premises within 1,000 feet of any school premises. Silvis had been convicted of rape, kidnapping, and gross sexual imposition in February 1989. He has been adjudicated and classified as a habitual sexual offender, and he is a registered sex offender.
 {¶ 3} The court held a hearing on March 29, 2006, one month after the complaint was filed. At the beginning of the hearing, Silvis indicated that he had been unsuccessful at retaining counsel and was reluctant to proceed pro se. The court informed Silvis that it was a civil case, and the matter proceeded without objection. *Page 3 
 {¶ 4} The city recognized that if no stipulation was made as to the engineer's map, it would need to have the engineer verify that Silvis was within 1,000 feet of the school. However, no stipulation was ever entered on the record and nobody from the engineer's office was ever called to testify.
 {¶ 5} The city represented that Silvis resided on Maplecrest, which was two streets away from State Road Elementary School. The court was shown an aerial satellite map that depicted the area. This map was never offered or introduced into evidence. The city claimed that Silvis's home itself was not within 1,000 feet of the school premises, just the end of his driveway. It appeared the measurement being made was from the front corner of the school lawn, not the school itself, to the front corner of Silvis's driveway. The measurement was stated to be 997 feet; however, no evidence was introduced to verify the accuracy of the measurement. Additionally, from an unauthenticated map attached to the complaint, it appears the measurement was made by taking a straight line that cut through other properties.
 {¶ 6} Silvis told the court that he bought his home in 2004. He also stated that he was sentenced for the sex offenses in 1989 and he was against the law being applied retroactively to him.
 {¶ 7} Following the hearing, the trial court granted the requested injunction and ordered Silvis to vacate the residence by April 28, 2006. Thereafter, Silvis obtained counsel and filed a motion to vacate judgment or, in the alternative, for a new trial and a motion to stay enforcement of the judgment pursuant to Civ.R. 62(A). *Page 4 
These motions were denied by the trial court. A "motion to show cause why the defendant should not be held in contempt" was also filed. A hearing was held on May 2, 2006, at which the court ordered Silvis to vacate the residence within seven days or a contempt order would go into effect.
 {¶ 8} Silvis timely filed a notice of appeal from the judgment entry granting the injunction. Silvis filed a motion for stay pending appeal that was denied by this court. The matter is now before us for consideration. Silvis has raised eight assignments of error for our review. We begin by addressing Silvis's third assignment of error, as it is dispositive of this matter. This assignment of error provides as follows:
 {¶ 9} "3: The trial court's decision to grant the injunction was against the manifest weight of the evidence."
 {¶ 10} The Supreme Court of Ohio has held that when a statute grants a specific injunctive remedy to an individual or to the state, normal equity considerations do not apply, and a party is entitled to an injunction without proving the ordinary equitable requirements, upon a showing that the party has met the requirements of the statute for issuance of the injunction. See Mid-America Tire, Inc. v. PTZ TradingLtd., 95 Ohio St.3d 367, 2002-Ohio-2427; Ackerman v. Tri-City Geriatric Health Care (1978), 55 Ohio St.2d 51, 56. In reviewing the trial court's decision to grant or deny an injunction, we note that it is a matter solely within the discretion of the trial court and we will not disturb its judgment absent an abuse of discretion. Garono v. State
(1988), 37 Ohio St.3d 171, 173. Reversal on appeal is *Page 5 
warranted only when the trial court has exercised its discretion unreasonably, arbitrarily, or unconscionably. State v. Reiner,93 Ohio St.3d 601, 2001-Ohio-800, citing State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 11} In this case, Silvis claims the trial court's decision to grant the injunction was against the manifest weight of the evidence. InC.E. Morris v. Foley Constr Co. (1978), 54 Ohio St.2d 279, 280, the Ohio Supreme Court set forth the appellate standard to be applied when a civil judgment is challenged on the basis of manifest weight of the evidence. Under this standard, we must examine the record to see whether the trial court's judgment is supported by "some competent, credible evidence going to all the essential elements of the case." Id.
 {¶ 12} Silvis argues the evidence presented by the city was insufficient to establish that Silvis resides within 1,000 feet of State Road Elementary School. Silvis states that the record consists solely of the prosecutor's arguments. No witnesses were called to testify as to the measured distance. Further, the aerial map that was relied upon by the prosecutor was never offered or admitted into evidence.
 {¶ 13} While the city claims that the aerial map was an authentic public record that was admissible into evidence, this argument misses the point. We have thoroughly reviewed the record, and the aerial map was never admitted or made part of the trial court record and is not a part of the record on appeal. A reviewing court cannot consider an exhibit unless the record demonstrates that the exhibit was formally admitted into evidence. Allen v. Allen, Franklin App. No. 04AP-1341,2005-Ohio-5993, *Page 6 
citing Cardone v. Cardone (May 6, 1998), Summit App. No. 18349; Sanders v. Webb (1993), 85 Ohio App.3d 674.
 {¶ 14} A review of the record also reflects that no witnesses were called to testify concerning the map or the measurements purportedly made thereon. The prosecutor's arguments did not constitute proper testimony in this matter.
 {¶ 15} Finally, insofar as the city claims that Silvis failed to object to the map and referred to the map himself, we do not find that a waiver occurred. A party waives his right to assign as error the admissibility of evidence if he fails to object at the moment of its admission. See Heldman v. Uniroyal, Inc. (1977), 53 Ohio App.2d 21. As stated by one court, "Nor can we say that appellee waived any objection to the exhibits by failing to object to them at the time they were marked for identification. Although a party may object to an exhibit at the time it is marked for identification, the party waives any right to object only if the objection is not made or renewed at the time the exhibit is offered and admitted by the court." Lewis v. Tackett (July 2, 1990), Clinton App. No. CA89-11-019, citing Heldman v. Uniroyal,Inc. (1977), 53 Ohio App.2d 21. In this case, the aerial map was never offered into evidence and, therefore, no waiver could have occurred.
 {¶ 16} Because of the procedural defects discussed herein, we find that the trial court's decision was not supported by competent, credible evidence and that the granting of the injunction constituted an abuse of discretion. We must reverse the *Page 7 
decision of the trial court and remand the matter for further proceedings. Silvis's third assignment of error is sustained.
 {¶ 17} As a result of our determination on the third assignment of error, we find that assignments of error one, two, four, and five, which argue Silvis's due process rights were violated in the proceedings below, are moot. Also, we find that assignments of error six, seven, and eight, which challenge the constitutionality of R.C. 2950.031 as applied to Silvis, are not ripe for our review.[1]
Judgment reversed and remanded.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A. J., and JAMES J. SWEENEY, J., CONCUR
[1] We note that Silvis has filed a notice of supplemental authority indicating that there are two conflicting cases concerning retroactive application of R.C. 2950.031 — Nasal v. Dover, Miami App. No. 2006-CA-9,2006-Ohio-5584, and Hyle v. Porter, Hamilton App. No. C-050768,2006-Ohio-5454. The Ohio Supreme Court has certified a conflict for review of these cases. We also recognize that the parties question how the distance should be measured: along the shortest navigable route or "as the crow flies." See Hyle v. Porter, supra; Nasal v. Burge (Jan. 4, 2006), Miami County C.P. No. 06-381. On remand, the trial court may wish to stay proceedings pending a decision from the Ohio Supreme Court on the cases certified for review. *Page 1