JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff-appellant, Delores Bowden ("Bowden"), appeals the trial court's granting of summary judgment in favor of defendant-appellee, Cleveland Heights-University Heights Schools ("CHUHS"). Bowden also challenges the trial court's reliance onJanicki v. Kforce.com, Inc., 167 Ohio App.3d 572, 2006-Ohio-3370,855 N.E.2d 1282, in granting the motion for summary judgment. Finding no merit to the appeal, we affirm.
 {¶ 3} Bowden was employed by CHUHS as a substitute teacher's aide. On December 15, 2005, she received a call for a work assignment at Oxford Elementary School ("Oxford"). The following morning, however, Bowden mistakenly went to Roxboro Elementary School ("Roxboro"). She learned that she had no assignment there and was told to proceed to Oxford. Bowden fell on the sidewalk on her way to the bus stop and broke her wrist.[1] She never reported to Oxford that day.
 {¶ 4} Bowden filed an application for payment of compensation and benefits under the Ohio Workers' Compensation Act, which was disallowed. Bowden's appeals to the District Hearing Officer and the Staff Hearing Officer were also denied because she was not working at the time of the injury and she was not on the *Page 4 
CHUHS premises at the time of her injury. Bowden's appeal to the Industrial Commission was refused in May 2006.
 {¶ 5} In June 2006, Bowden filed suit against CHUHS and the Administrator of the Bureau of Worker's Compensation ("Administrator"), seeking a finding that she is entitled to participate in the Bureau of Workers' Compensation ("BWC") fund. In November 2006, CHUHS filed a motion for summary judgment.[2] Bowden filed a brief in opposition in December 2006. In January 2007, the trial court granted the motion for summary judgment, relying in part on Janicki, supra.
 {¶ 6} Bowden now appeals, raising two assignments of error. In the first assignment of error, she argues that the trial court erred in granting summary judgment in favor of CHUHS. In the second assignment of error, she argues that the trial court's reliance on Janicki was
misplaced. We will discuss both assignments of error together because they involve the same argument.
 Standard of Review {¶ 7} Appellate review of summary judgment is de novo. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 1996-Ohio-336, 671 N.E.2d 241; Zemcik v.La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581,706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test in Zivich v.Mentor Soccer Club, 82 Ohio St.3d 367, 1998-Ohio-389, 696 N.E.2d 201, as follows: *Page 5 
 "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264."
 {¶ 8} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein,76 Ohio St.3d 383, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 1992-Ohio-95, 604 N.E.2d.138.
 {¶ 9} Bowden argues that the trial court erred in characterizing her claim as a case involving the coming-and-going rule. She contends that she was not injured during her regular commute. Rather, she maintains that she was injured while dispatched from Roxboro to Oxford. Thus, she argues that her claim fits within the "special mission" exception to the coming-and-going rule.
 {¶ 10} She also argues that the trial court's reliance on Janickiwas misplaced, but fails to explain why.[3] In the instant case, the trial court referenced Janicki and *Page 6 
found that Bowden was a fixed-situs employee. In her brief, Bowden concedes that she was a fixed-situs employee. Thus, Bowden's argument is without merit.
 Coming-and-Going Rule {¶ 11} The Ohio Workers' Compensation statute covers injuries that are "received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). "In the course of refers to the time, place, and circumstances of the injury, and limits compensation to injuries received while the employee was engaged in a duty required by the employer. Fisher v. Mayfield (1990), 49 Ohio St.3d 275,551 N.E.2d 1271. "Arising out of requires a causal connection between the injury and the employment. Id.
 {¶ 12} "`As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist.'" Ruckman v. Cubby Drilling, Inc.,81 Ohio St.3d 117, 119, 1998-Ohio-455, 689 N.E.2d 917, quoting MTD Products,Inc. v. Robatin (1991), 61 Ohio St.3d 66, 68, 572 N.E.2d 661. This is known as the "coming-and-going" rule. "The coming-and-going rule is used to determine whether an injury suffered by an employee in a traffic accident *Page 7 
occurs in the course of and `arises out of the employment relationship so as to constitute a compensable injury under R.C. 4123.01(C)."Ruckman.
 {¶ 13} The rationale supporting the coming-and-going rule is that employees should be compensated for injuries encountered in the discharge of their employment and not for `"risks and hazards, such as those of travel to and from his place of actual employment over streets and highways, which are similarly encountered by the public generally.'" Id., quoting Indus. Comm. v. Baker (1933), 127 Ohio St. 345,188 N.E. 560, at paragraph four of the syllabus.
 {¶ 14} The "coming-and-going rule" does not operate as a complete bar to an employee who is injured commuting to and from work if: 1) the injury occurs within the "zone of employment"; 2) the employment creates a "special hazard"; 3) there is a causal connection between the employee's injury and employment based on the "totality of circumstances" surrounding the accident; or 4) the employee is performing a "special mission" for the employer. MTD, supra. See also,Smith v. Carnegie Auto Parts, Inc., Cuyahoga App. No. 88343,2007-Ohio-992. Because Bowden argues that she was on a special mission, our analysis focuses on that exception to the rule.
 Special Mission Exception {¶ 15} The special mission exception applies in circumstances where "the injury is sustained by the employee while performing a special task, service, mission, or errand for his employer, even before or after customary working hours, or on a *Page 8 
day on which he does not ordinarily work. For the exception to arise,the mission must be the major factor in the journey or movement, and notmerely incidental thereto, and the mission must be a substantialone * * *." Pierce v. Keller (1966), 6 Ohio App.2d 25, 215 N.E.2d 601, quoting 99 C.J.S. 828, Workmen's Compensation, Section 234 d. (Emphasis in original.)
 {¶ 16} In Pierce, the court concluded that:
 "where an employee receives accidental injuries on a highway, causing his death, while traveling from his home to the place where he reports for work, at a time outside of the hours for which he is paid wages, by a route, at a time, and by a means of transportation, selected by him and under his control, and at such time and place is carrying instructions for and at the direction of his employer, which mission is merely incidental to and not the reason for the journey, such injuries are a result of hazards which are similarly encountered by the public generally, are not a result of exposure occasioned by the nature, conditions or surroundings of his employment, do not, therefore, arise from his employment and are not compensable under the provisions of the Workmen's Compensation Act."
 {¶ 17} In reviewing the record, we find no evidence to suggest that Bowden was on a special mission. Bowden admits that she went to Roxboro due to her own mistake and was informed that she should report to Oxford. Bowden walked nearly one-half mile to catch a bus to Oxford, her assigned workplace, when she fell and suffered her injury. Bowden was not paid at the time of the accident, and her work day would not have started until she arrived at Oxford, her assigned workplace.
 {¶ 18} Since CHUHS did not send Bowden on some additional "mission" that was the major factor of her journey, the special mission exception does not apply in the instant case. Rather, we find that Bowden was injured while traveling to her *Page 9 
assigned workplace, her only "mission." Therefore, the trial court correctly granted summary judgment in favor of CHUHS.
 {¶ 19} Accordingly, the first and second assignments of error are overruled.
Judgment is affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., CONCURS and FRANK D. CELEBREZZE, JR., A.J., CONCURS IN JUDGMENT ONLY
[1] Bowden walked nearly one-half mile and was on a public sidewalk when she slipped and fell.
[2] The Administrator filed a motion to adopt the CHUHS motion for summary judgment.
[3] In Janicki, the employer (Kforce) was a professional staffing company that placed nurses at various medical facilities. Kforce placed Janicki at Good Samaritan Hospital. Janicki was injured while leaving work for the day. She was hit by a car as she crossed the street on her way to the employee parking lot. The parking lot was provided by Good Samaritan for its employees. The court found that Janicki was a fixed-situs employee, within the zone of her employment, when she crossed the street. *Page 1