KLAMERT, Appellant,

v.

CITY OF CLEVELAND et al., Appellees.

[Cite as *Klamert v. Cleveland,* 186 Ohio App.3d 268, 2010-Ohio-443.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93541.

Decided Feb. 11, 2010.

Paul W. Flowers Co., L.P.A., and Paul W. Flowers; and Bashein & Bashein Co., L.P.A., W. Craig Bashein, and Thomas J. Sheehan, for appellant.

Robert J. Triozzi, Director of Law, and Jose M. Gonzalez, Assistant Director of Law, for appellee the city of Cleveland.

Richard Cordray, Attorney General, and Eugene B. Meador, Assistant Attorney General, for appellee the Ohio Bureau of Workers' Compensation.

FRANK D. CELEBREZZE JR., Judge.

{¶ 1} This appeal stems from a motor-vehicle accident that occurred on April 8, 2008, and the decision of the Ohio Bureau of Workers' Compensation ("BWC") to deny plaintiff-appellant, Thomas Klamert, payments from the Workers' Compensation Fund. Appellant brought suit against defendant-appellees, the city of Cleveland and the BWC, claiming that he was entitled to workers' compensation benefits. After a thorough review of the record and for the following reasons, we reverse the decision of the trial court and remand for further proceedings.

{¶ 2} On April 8, 2008, Thomas Klamert, a detective with the city of Cleveland Police Department's narcotics unit, was riding his personal motorcycle to downtown Cleveland because he had been served with a subpoena to testify before a grand jury upon matters connected with his employment. At approximately 1:30 p.m., Klamert was at the intersection of Ontario and Carnegie when a motorist

made an illegal left turn, striking Klamert and badly injuring his right leg. He was unable to return to duty for five months.

{¶ 3} Klamert submitted a claim for workers' compensation benefits, and the city and the BWC denied that Klamert was entitled to benefits. Klamert filed suit on September 5, 2008, claiming that he was performing required job duties when he was injured. On March 9, 2009, the BWC moved for summary judgment, arguing that Klamert was acting outside the course and scope of his job duties as a detective. While the city did not initially join in this motion for summary judgment, on April 27, 2009, the city filed a motion for a four-day extension of time to file a reply brief and also stated that it was joining in the BWC's motion for summary judgment. On April 28, 2009, this motion was granted by the trial court.

{¶ 4} On May 27, 2009, the trial court granted the BWC's motion for summary judgment as to the BWC and the city, and this appeal followed.

## I.  Summary Judgment in Favor of the BWC

{¶ 5} In his first assignment of error, Klamert argues that the trial court erred in granting summary judgment in favor of the BWC.

{¶ 6} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 7} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary-judgment standard as applied in *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under *Dresher*, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, *and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.*" (Emphasis sic.) *Dresher* at 296, 662 N.E.2d 264. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293, 662 N.E.2d 264. The

nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a genuine issue for trial exists. Id.

{¶ 8} This court reviews the lower court's granting of summary judgment de novo. *Brown v. Scioto Cty. Commrs.* (1993), 87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party. * * * [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." *Saunders v. McFaul* (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24.

{¶ 9} Generally, to be entitled to receive Workers' Compensation Fund payments, one must sustain an injury "received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). " 'In the course of' refers to the time, place, and circumstances of the injury, and limits compensation to injuries received while the employee was engaged in a duty required by the employer. *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 551 N.E.2d 1271. 'Arising out of' requires a causal connection between the injury and the employment. Id." *Bowden v. Cleveland Hts.-Univ. Hts. Schools,* Cuyahoga App. No. 89414, 2007-Ohio-6804, 2007 WL 4440888, at ¶ 11. Both prongs must be satisfied in order to receive benefits. *Fisher* at 277, 551 N.E.2d 1271.

## A. The Coming–and–Going Rule

{¶ 10} In its motion for summary judgment, the BWC advanced the coming-and-going rule as the primary reason Klamert was not entitled to Workers' Compensation Fund payments. This rule "is a tool used to determine whether an injury suffered by an employee in a traffic accident occurs 'in the course of' and 'arise[s] out of' the employment relationship so as to constitute a compensable injury under R.C. 4123.01(C)." *Ruckman v. Cubby Drilling, Inc.* (1998), 81 Ohio St.3d 117, 119, 689 N.E.2d 917. "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." *MTD Prods., Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 68, 572 N.E.2d 661, citing *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 15 O.O.3d 359, 401 N.E.2d 448. The risk of injury when traveling to and from a place of employment is not greater than that encountered by the public generally; therefore, it is not compensable under the workers' compensation statute. *Indus. Comm. of Ohio v. Baker* (1933), 127 Ohio St. 345, 188 N.E. 560, at paragraph four of the syllabus. However, the nature of the situs of employment determines whether the coming-and-going rule applies to the employee in question.

## B. Situs of Employment

{¶ 11} The coming-and-going rule applies only to fixed-situs employees. *Ruckman* at 119, 689 N.E.2d 917. However, Klamert argues that he was not a fixed-situs employee.[1] "In determining whether an employee is a fixed-situs employee and therefore within the coming-and-going rule, the focus is on whether the employee commences his substantial employment duties only after arriving at a specific and identifiable work place designated by his employer. * * * The focus remains the same even though the employee may be reassigned to a different work place monthly, weekly, or even daily. Despite periodic relocation of job sites, each particular job site may constitute a fixed place of employment." (Citations omitted.) *Ruckman* at 119–120, 689 N.E.2d 917.

{¶ 12} In his deposition testimony, Klamert stated that he would sometimes report to locations specified by his superior officers. Other times, he would report to the narcotics unit's office in the Justice Center. It appears that Klamert spent a large part of his work hours traveling, and sometimes this included traveling before reporting to any identifiable work place. In this regard, Klamert's situs of employment may not have been fixed. Klamert's deposition testimony at least creates an issue of material fact regarding the nature of his situs of employment.

{¶ 13} The BWC argues that on the day of the accident, Klamert was a fixed-situs employee. This court does not endorse such a narrow analysis of the situs of employment. The determination of whether one is a fixed-situs or nonfixed-situs employee must be made in light of the overall employment duties, not from an overly constrained examination of the activities on one day when an accident happens to occur. In *Ruckman*, the Ohio Supreme Court analyzed oil-rigging employees' job duties and determined "[t]he evidence demonstrates that the riggers here had no duties to perform away from the drilling sites to which they were assigned. The riggers' workday began and ended at the drilling sites. Accordingly, although work at each drilling site had limited duration, it was a fixed work site within the meaning of the coming-and-going rule." *Ruckman*, 81 Ohio St.3d at 120, 689 N.E.2d 917. The court's analysis was not limited to the day of injury, but an overall view of the substantial employment duties of the employees in question.

---

1. Klamert claims that the coming-and-going rule does not apply to him because he was a "semi-fixed"-situs employee. See *Rankin v. Thomas Sysco Food Servs.* (Nov. 27, 1996), Hamilton App. No. C–950904, 1996 WL 682184; *Midwestern Indemn. Co. v. Video Features, Inc.* (Nov. 2, 1994), Hamilton App. No. C–930401, 1994 WL 603152. The notion that such a category exists is in doubt after the Ohio Supreme Court's decision in *Ruckman*. See *Bennett v. Goodremont's, Inc.*, Lucas App. No. L–08–1193, 2009-Ohio-2920, 2009 WL 1719355, at ¶ 23.

{¶ 14} Examining Klamert's substantial work duties as a narcotics detective, it appears that he had a good deal of autonomy and may have reported to crime scenes, done mobile surveillance, or initiated controlled drug buys, all before reporting to any fixed situs of employment. The BWC's unduly focused analysis of Klamert's activities limited to the day of the accident does not allow a factfinder to determine that as a matter of law, Klamert is a fixed-situs employee and thus subject to the coming-and-going rule. Therefore, the BWC did not meet its burden of demonstrating that no genuine issue of material fact exists in this case.

{¶ 15} Whether Klamert is a fixed-situs employee or a nonfixed-situs employee is a question yet to be fully addressed. Accordingly, Klamert's first assignment of error is sustained.

## II. Summary Judgment in Favor of the City

{¶ 16} Klamert next argues that the city did not file a motion for summary judgment, and thus the trial court erred in ruling in the city's favor.[2] Generally, only those parties that have moved for summary judgment may be granted summary judgment. *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, 15 OBR 145, 472 N.E.2d 335. Our above holding renders this assigned error moot; therefore, it will not be addressed.

## III. Conclusion

{¶ 17} Because the nature of Klamert's situs of employment is unresolved in the record at this time, summary judgment based on the coming-and-going rule was inappropriate at this time. The coming-and-going rule may not apply to him and may not prevent him from receiving Workers' Compensation Fund payments.

{¶ 18} The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

McMonagle, P.J., and Jones, J., concur.

---

2. There is some indication that in the city's motion to file a reply, the city joined in the BWC's motion for summary judgment. That being the case, the city did in fact move for summary disposition of the claim.