[Cite as *Luciano v. NCC Solutions, Inc.*, 2013-Ohio-497.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98789

## EDWIN LUCIANO

PLAINTIFF-APPELLANT

vs.

## NCC SOLUTIONS, INC., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-764509

**BEFORE:**   E.A. Gallagher, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**     February 14, 2013

**ATTORNEY FOR APPELLANT**

Gregg A. Austin
650 Rockefeller Building
614 Superior Avenue N.W.
Cleveland, Ohio    44113

**ATTORNEYS FOR APPELLEES**

**Attorney for NCC Solutions, Inc.**

Joseph N. Gross
Benesch, Friedlander, Coplan & Aronoff
200 Public Square
Suite 2300
Cleveland, Ohio    44114-2378

**Attorneys for Bureau Workers' Compensation**

Michael DeWine
Ohio Attorney General
By:    Brian R. Honen
Jana K. Yenyo
Assistant Attorneys General
20 West Federal St., 3rd Floor
Youngstown, Ohio    44503

EILEEN A. GALLAGHER, J.:

{¶1}   This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.   Plaintiff-appellant, Edwin Luciano, appeals the Cuyahoga County Court of Common Pleas order granting summary judgment in favor of defendants-appellees, NCC Solutions, Inc. ("NCC") and the Administrator of the Ohio Bureau of Workers' Compensation ("Administrator").   For the following reasons, we affirm.

{¶2}   This case arises out of an injury sustained by appellant during a car accident that occurred on May 6, 2009.   The record reflects that on that date, appellant was employed by NCC as the house manager of Garfield House, a home for developmentally disabled citizens, located in Garfield Heights.   In addition to appellant's duties as house manager of Garfield House, his job occasionally required him to travel to NCC's headquarters in North Royalton and to conduct business-related banking at Fifth Third Bank in North Royalton.   NCC generally reimburses its employees for mileage in connection with business-related travel.

{¶3}   On the morning of May 6, 2009, appellant's work day began with a meeting at NCC headquarters.   After the meeting, appellant conducted business-related banking at Fifth Third Bank in North Royalton.   Upon completing his banking duties, appellant requested, and was permitted by NCC, to take an extended personal lunch break to visit with his terminally ill father.   His personal lunch break included a trip to a

pharmacy and lunch at his father's residence in Cleveland. Several hours later, appellant began to drive back to Garfield House where the remainder of his duties would be conducted. In route to Garfield House from his father's residence, appellant was involved in a motor vehicle accident and he sustained an injury to his neck.

{¶4} Appellant submitted a claim for workers' compensation benefits that was disallowed. Appellant filed a notice of appeal and complaint against NCC and the Administrator in the Cuyahoga County Court of Common Pleas seeking a determination that he is entitled to participate in the Bureau of Workers' Compensation ("BWC") fund. The parties filed cross-motions for summary judgment and the trial court granted summary judgment in favor of appellees finding that appellant's injury did not arise out of, or occur in, the course of his employment. The trial court found appellant to be a fixed-situs employee whose accident fell under the province of the coming-and-going rule. Finding no applicable exceptions to the rule in favor of appellant, the trial court granted summary judgment in favor of appellees and denied appellant's cross- motion for summary judgment.

{¶5} Appellant brings this timely appeal, raising three assignments of error for review:

Assignment of Error I

The trial court erred in applying the "coming and going" rule to travel that was assigned as a specific task of employment.

Assignment of Error II

The trial court erred in granting Defendant-Appellee's [sic] motion for summary judgment.

Assignment of Error III

The trial court erred by denying Plaintiff-Appellant's motion for summary judgment.

{¶6} Because each of appellant's assignments of error pertain to the trial court's application of the law on summary judgment, we address them together.

{¶7} Our review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 1998-Ohio-389, 696 N.E.2d 201. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

{¶8} Generally, to be entitled to receive Ohio Workers' Compensation Fund payments, one must sustain an injury "received in the course of, and arising out of, the

injured employee's employment." R.C. 4123.01(C). "In the course of" refers to the time, place, and circumstances of the injury, and limits compensation to injuries received while the employee was engaged in a duty required by the employer. *Klamert v. Cleveland*, 186 Ohio App.3d 268, 2010-Ohio-443, 927 N.E.2d 618, ¶ 9 (8th Dist.), citing *Fisher v. Mayfield*, 49 Ohio St.3d 275, 551 N.E.2d 1271 (11th Dist.1990). "Arising out of" requires a causal connection between the injury and the employment. *Id.*, citing *Bowden v. Cleveland Hts.-Univ. Hts. Schools*, 8th Dist. No. 89414, 2007-Ohio-6804, ¶ 11. Both prongs must be satisfied in order to receive benefits. *Id.*

{¶9} Appellant argues that the trial court incorrectly applied the coming-and-going rule to bar his participation in the Workers' Compensation Fund because on the morning of May 6, 2009, his job required him to travel from his initial meeting at NCC headquarters in North Royalton to Garfield House. Although he admits he undertook a several hour divergence from his work day to run personal errands and have a lunch with his father, appellant argues that his return trip to Garfield House from lunch with his father should be treated as work-related job duty travel and the coming-and-going rule should not apply.

{¶10} The coming-and-going rule "is a tool used to determine whether an injury suffered by an employee in a traffic accident occurs 'in the course of' and 'arise[s] out of' the employment relationship so as to constitute a compensable injury under R.C. 4123.01(C)." *Ruckman v. Cubby Drilling, Inc.*, 81 Ohio St.3d 117, 119, 1998-Ohio-455, 689 N.E.2d 917. "As a general rule, an employee with a fixed place of

employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." *MTD Prods., Inc. v. Robatin*, 61 Ohio St.3d 66, 68, 572 N.E.2d 661 (1991), citing *Bralley v. Daugherty*, 61 Ohio St.2d 302, 401 N.E.2d 448 (1980). The risk of injury when traveling to and from a place of employment is not greater than that encountered by the public generally; therefore, it is not compensable under the workers' compensation statute. *Indus. Comm. of Ohio v. Baker*, 127 Ohio St. 345, 188 N.E. 560 (1933), at paragraph four of the syllabus.

{¶11} The coming-and-going rule only applies to fixed-situs employees. *Ruckman* at 119. In determining whether an employee is a fixed-situs employee and, therefore, within the coming-and-going rule, the focus is on whether the employee commences his substantial employment duties only after arriving at a specific and identifiable work place designated by his employer. *Id*., citing *Indus. Comm. v. Heil*, 123 Ohio St. 604, 606-607, 176 N.E. 458 (1931). "The focus remains the same even though the employee may be reassigned to a different work place monthly, weekly, or even daily. Despite periodic relocation of job sites, each particular job site may constitute a fixed place of employment." *Id*. at 120.

{¶12} Appellant does not argue that he does not qualify as a fixed-situs employee. Instead, appellant argues that based on his schedule on the day in question, which required him to attend a meeting and conduct banking in North Royalton prior to

traveling to Garfield House, his eventual travel to Garfield House following a deviation from work to conduct personal errands and lunch at his father's residence should not be barred by the coming-and-going rule. We cannot agree.

{¶13} Applying the coming-and-going rule, this court has previously held that, "an employee's injury is generally not compensable if the employee sustains it while traveling to or from lunch away from the employer's premises." *Hill v. Gen. Metal Heat Treating*, 47 Ohio App.3d 72, 73, 547 N.E.2d 405 (8th Dist. 1988), citing *Eagle v. Indus. Comm.*, 146 Ohio St. 1, 3, 63 N.E.2d 439 (1945). We find *Hill* to be applicable in the present instance. Although appellant's injury may very well have been in the course of, and arising out of, his employment had it occurred while he was traveling from Fifth Third Bank in North Royalton to Garfield House, that is simply not what occurred. Appellant engaged in a purely personal deviation from work beginning south of Garfield House in North Royalton and taking him north of Garfield House to visit his father before eventually returning to work. Appellant had completely left the service of his employer for several hours during this period and was returning to work at a fixed situs at the time of his injury. The mere fact that he was returning to a different employment location than the one where he briefly began the day does not change the fact that his deviation from work for personal reasons took him well outside the course of his employment and extinguished any protection he might have enjoyed had he been injured while traveling as a job function.

{¶14} "While the coming-and-going rule works well in most of its applications, a

claimant may avoid its force in the rare circumstance where he can, nevertheless, demonstrate that he received an injury in the course of and arising out of his employment." *Ruckman*, 81 Ohio St.3d at 120, 1998-Ohio-455, 689 N.E.2d 917. Appellant argues that "totality of the circumstances" test established by the Ohio Supreme Court in *Lord v. Daugherty*, 66 Ohio St.2d 441, 423 N.E.2d 96 (1981), supports the conclusion that a sufficient causal connection exists between his injury and his employment to justify his participation in the fund.

**{¶15}** The "totality of the circumstances" test examines the following facts and circumstances: "(1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." *Id*. at the syllabus.

**{¶16}** We do not agree with appellant's assessment that the *Lord* factors weigh in his favor. The accident occurred north of Garfield House as appellant was returning from his personal leave as opposed to the route appellant would have taken to Garfield House had he continued with his work day after concluding his banking duties in North Royalton. NCC had absolutely no control over the scene of appellant's accident or even his route in returning from his personal leave. Finally, NCC did not receive any cognizable benefit from appellant's presence at the scene of the accident as he was returning to work from a personal excursion from a location completely unrelated to his employment.

**{¶17}** We conclude that the trial court did not err in applying the coming-and-going rule to the present facts, granting summary judgment in favor of the appellees and denying appellant's summary judgment.

**{¶18}** Appellant's first, second and third assignments of error are overruled.

**{¶19}** The judgment of the trial court is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR