[Cite as *Jones v. Multicare Health & Educational Servs., Inc.*, 2014-Ohio-3724.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100773**

---

## ERIC JONES

PLAINTIFF-APPELLANT

vs.

## MULTICARE HEALTH & EDUCATIONAL SERVICES INC., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-766598

**BEFORE:**   E.A. Gallagher, P.J., E.T. Gallagher, J., and Stewart J.
**RELEASED AND JOURNALIZED:**   August 28, 2014

**ATTORNEYS FOR APPELLANT**

Kenneth C. Podor
Wesley Alton Johnston
The Podor Law Firm, L.L.C.
33565 Solon Road
Solon, Ohio 44139

**ATTORNEYS FOR APPELLEES**

**For Multicare Health and Educational Services Inc.**

Scott W. Gedeon
Ross, Britain & Schonberg Co., L.P.A.
6480 Rockside Woods Boulevard., S.
Suite 350
Cleveland, Ohio 44131

**For Ohio Bureau of Workers' Compensation**

Virginia Egan Fisher
Assistant Attorney General, Workers' Compensation
State Office Building, 11th Floor
615 West Superior Avenue
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Plaintiff-appellant, Eric Jones, appeals the verdict of the Cuyahoga County Court of Common Pleas in favor of defendants-appellees, Multicare Health & Educational Services, Inc. ("Multicare") and the administrator of the Ohio Bureau of Workers' Compensation ("Administrator") that determined Jones was not entitled to participate in the workers' compensation fund. For the following reasons, we affirm.

**{¶2}** This case arises out of injuries sustained by Jones during a car accident that occurred on January 5, 2011. The record reflects that on that date, appellant was employed by Multicare as the director of nursing, a job that required him to travel to the homes of patients to provide in-home care.

**{¶3}** On that date, Jones was training a nurse newly hired by Multicare, and the two went to care for a patient at 16700 Lakeshore Boulevard in Cleveland. The patient needed a prescription filled and Jones took the prescription to a Rite Aid pharmacy located at 475 East 185th Street, Cleveland, Ohio, 1.5 miles from the patient's home. Upon being told that it would take approximately 30 to 45 minutes to fill the prescription, Jones traveled to either Slyman's Restaurant (9.85 miles from the pharmacy) or Landmark Restaurant (8.2 miles from the pharmacy) for lunch. While Jones was returning from lunch to pick up the prescription and deliver it to the patient, Jones' vehicle was struck on the I-90 exit ramp by another motor vehicle and he was injured.

**{¶4}** Jones submitted a claim for workers' compensation benefits that was allowed by the Bureau of Workers' Compensation, and Multicare filed a notice of appeal to the

common pleas court.   Summary judgment was granted in favor of Multicare, a decision that Jones appealed and this court reversed, finding that genuine issues of material fact regarding whether Jones' injury occurred in the course of, and arising out of, his employment existed.

{¶5} The case proceeded to trial and a jury returned a verdict in favor of Multicare. Jones, in his first assignment of error states:

> The jury verdict was against the manifest weight of the evidence, warranting it to be overturned.

{¶6} In civil cases, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence.   *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus. Moreover, the credibility of witnesses and resolutions of conflicts in evidence are matters for the trier of facts. *G. F. Business Equip., Inc. v. Liston*, 7 Ohio App.3d 223, 225-226, 454 N.E.2d 1358 (10th Dist.1982). Therefore, a reviewing court should not reverse a trial court's decision if it merely has a difference of opinion on questions of credibility or the weight of the evidence; rather, a trial court's decision should be overturned only when there is no competent and credible evidence to support that decision. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶7} To recover workers' compensation benefits, Ohio law requires that the worker demonstrate that an injury occurred both "in the course of" employment and that it "arises out of" that employment. *Ruckman v. Cubby Drilling, Inc.*, 81 Ohio St.3d 117,

121, 689 N.E.2d 917 (1998); *see also* R.C. 4123.01(C). "In the course of" refers to the time, place, and circumstances of the injury, and limits compensation to injuries received while the employee was engaged in a duty required by the employer. *Klamert v. Cleveland*, 186 Ohio App.3d 268, 2010-Ohio-443, 927 N.E.2d 618, ¶ 9 (8th Dist.), citing *Fisher v. Mayfield*, 49 Ohio St.3d 275, 551 N.E.2d 1271 (11th Dist.1990). "Arising out of" requires a causal connection between the injury and the employment. *Id.*, citing *Bowden v. Cleveland Hts.-Univ. Hts. Schools*, 8th Dist. Cuyahoga No. 89414, 2007-Ohio-6804, ¶ 11. Both prongs must be satisfied in order to receive benefits. *Id.*

{¶8} Jones argues that because he had discretion as to "when, what, and how" to take his lunch break, and that he was in the process of obtaining prescriptions for a patient, thus, was inside the scope of his employment. However, there is competent, credible evidence to support the idea that Jones was not within the scope of his employment and, therefore, we cannot say that the jury's verdict was against the manifest weight of the evidence. It is undisputed that Jones' lunch break took him a significant distance from the pharmacy where he was engaged in his job duties and that only by reason of his decision to travel for lunch was he on the I-90 exit ramp. Therefore, there was competent, credible evidence to support the notion that Jones' injury was related to a personal frolic and did not occur in the course of his employment.

{¶9} Jones' first assignment of error is overruled.

{¶10} Jones' second assignment of error states:

The trial court abused its discretion by improperly allowing in testimonial evidence from Mapquest that included and regarded the time of travel,

along with the stipulated distance of travel, over objection.

**{¶11}** Jones argues that the trial court erred in allowing Multicare to question him regarding estimated travel times provided by Mapquest that were also then admitted as exhibits and related to travel distances to which the parties stipulated. Jones argues that the travel times provided in the Mapquest documents were not properly authenticated and, as such, the trial court committed reversible error by sending those documents to the jury.

**{¶12}** The decision whether to admit or to exclude evidence rests within the sound discretion of the trial court. *State v. Brown*, 8th Dist. Cuyahoga No. 99024, 2013-Ohio-3134, ¶ 50, citing *State v. Jacks*, 63 Ohio App.3d 200, 207, 578 N.E.2d 512 (8th Dist.1989). Therefore, an appellate court that reviews the trial court's decision with respect to the admission or exclusion of evidence must limit its review to a determination of whether the trial court committed an abuse of discretion. *Id.*, citing *State v. Finnerty*, 45 Ohio St.3d 104, 107, 543 N.E.2d 1233 (1989).

**{¶13}** In the present instance, Jones' attorney objected to questions regarding the travel times listed within the Mapquest exhibits but did not object to the introduction of the exhibits themselves at the conclusion of trial. "A party waives his right to assign as error the admissibility of evidence if he fails to object at the moment of its admission." *Parma v. Silvis*, 8th Dist. Cuyahoga No. 88104, 2007-Ohio-1157, ¶ 15, citing *Heldman v. Uniroyal, Inc.*, 53 Ohio App.2d 21, 371 N.E.2d 557 (8th Dist.1977). "Although a party may object to an exhibit at the time it is marked for identification, the party waives any right to object only if the objection is not made or renewed at the time the exhibit is

offered and admitted by the court." *Id.*, quoting *Lewis v. Tackett*, 12th Dist. Clinton No. CA89-11-019, 1990 Ohio App. LEXIS 2743    (July 2, 1990).

**{¶14}** Even accepting Jones' argument that the trial court abused its discretion by allowing him to be questioned regarding the travel times provided by Mapquest without proper authentication of the same, we find that any error amounts to harmless error. In the event of an abuse of discretion, a judgment will not be disturbed unless the abuse affected the substantial rights of the adverse party or is inconsistent with substantial justice. *Vassil v. Gross & Gross, LLC*, 8th Dist. Cuyahoga No. 99392, 2013-Ohio-4190, ¶ 6; Civ.R. 61.   In order to determine whether a substantial right has been affected, "the reviewing court must not only weigh the prejudicial effect of those errors but also determine that, if those errors had not occurred, the jury * * * would probably have made the same decision." *Cox v. MetroHealth Med. Ctr. Bd. of Trustees*, 8th Dist. Cuyahoga No. 96848, 2012-Ohio-2383, ¶ 23, quoting *O'Brien v. Angley*, 63 Ohio St.2d 159, 165, 407 N.E.2d 490 (1980).

**{¶15}**   In this instance Jones had an opportunity to explain that the travel times provided by Mapquest did not accurately represent the actual time it took him to travel the stipulated distances because the Mapquest times were based on speed limits and road conditions without traffic.   Furthermore, ample evidence was provided from which the jury could conclude that Jones' lunch break took him outside the scope of his employment, such as the significant distance Jones traveled for lunch and the fact that the accident occurred on the exit ramp of a highway that Jones had no job-related reason to

travel. Thus, we find any error in the questioning of Jones regarding the Mapquest travel times to be harmless.

{¶16} Jones' second assignment of error is overruled.

{¶17} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR