PIERCE, APPELLANT, *v.* KELLER ADMR. BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLEES; HOOSIER ENGINEERING CO., APPELLEE AND CROSS-APPELLANT.

(No. 399—Decided April 6, 1966.)

*Messrs. Navarre, Rizor, DaPore* and *Pettit,* for appellant.
*Mr. William B. Saxbe,* attorney general, and *Mr. Donald M. Colasurd,* for appellees Administrator of Bureau of Workmen's Compensation and the Industrial Commission of Ohio.
*Messrs. Cory, Boesel, Leonard & Cory,* for appellee and cross-appellant Hoosier Engineering Company.

GUERNSEY, J. This is an appeal from a judgment of the Common Pleas Court of Putnam County entered for the defen-

dant Hoosier Engineering Company notwithstanding the verdict of the jury for the plaintiff and judgment entered pursuant to the verdict. The cause was in the Common Pleas Court on appeal by the Hoosier Engineering Company, as the employer of one John A. Pierce, deceased, from the allowance by the Industrial Commission of a death claim filed by his widow.

Facts were stipulated showing that Pierce died as the result of accidental injuries as defined in the Workmen's Compensation Act, and the sole issue remaining before the Common Pleas Court and jury was whether his injuries were "received in the course of, and arising out of," his employment.

It is undisputed that Pierce's normal employment was as a truck driver materialman for power line maintenance crews; that in the weeks prior to his accidental death he was required to report to work at Continental, Ohio, at 7 a. m., at which time his compensated hours of work each day began, at which place he would pick up his truck for each day's work and at which place he would leave his truck at the end of each day's work; and that he met his death at about 6:40 a. m. on January 30, 1962, while enroute in his own automobile from his home in Lima to Continental.

His widow and son testified that on the evening of January 29, 1962, one Gilbert Starwald, an employee of defendant company, whose duty it was to superintend the power line maintenance crews working in the area, had called at Pierce's home in Lima, as he often did; and the widow further testified that Starwald instructed Pierce that when Pierce arrived at Continental the next morning he should give a message to a maintenance crew foreman as to the time when the crew should discontinue work on that day. To the contrary, Starwald testified that he had not called at Pierce's home on the evening of January 29, 1962, and at no time had given him any orders to deliver at Continental on January 30th. The widow and son testified further that Pierce often carried supplies, work records and messages to and from the job site for Starwald. Starwald admitted that Pierce occassionally carried paychecks and time sheets but denied that he ever had him deliver any instructions or messages to any of the crews, because such instructions or messages were always given to the foreman either in person or by phone.

The widow, appellant in this court, claims error of the trial court in its sustaining the motion for judgment notwithstanding the verdict and in its finding that Pierce's death was not the result of an injury received in the course of and arising out of his employment. By cross-appeal the Hoosier Engineering Company claims that in the event the judgment of the lower court sustaining its motion for judgment notwithstanding the verdict is overruled this court should then find that the trial court erred in overruling Hoosier's motion for a new trial.

As the evidence was so conflicting that reasonable minds might arrive at different conclusions as to whether or not Pierce was conveying instructions for his employer at the time of his accidental death, the trial court would have committed error by attempting to resolve this conflict on a motion for judgment notwithstanding the verdict. It is apparent that the trial court's judgment may stand only if, upon the hypothesis that Pierce was conveying instructions for and at the direction of his employer, under the other undisputed circumstances here existing, such injury was, as a matter of law, not compensable under the provisions of the Workmen's Compensation Act.

Much reliance is placed by the claimant-appellant on the second and third paragraphs of the syllabus of the case of *Sebek* v. *Cleveland Graphite Bronze Co.*, 148 Ohio St. 693, providing:

"2. An injury occurs in the course of and arises out of employment within the contemplation of the Ohio Workmen's Compensation Act, if the injury followed as a natural incident of the work and *as a result of exposure occasioned by the nature, conditions or surroundings of the employment.*

"3. To be entitled to workmen's compensation, a workman need not necessarily be injured in the actual performance of work for his employer. It is sufficient if he is injured in a pursuit or undertaking consistent with his contract of hire and which in some logical manner pertains to or is incidental to his employment." (Emphasis added.)

We are aware that the first and fourth paragraphs of the syllabus in the *Sebek case* were thereafter overruled in *Johnson* v. *Industrial Commission*, 164 Ohio St. 297, and that the framework upon which the balance of the syllabus rested was thereby swept from under it, but we are also aware that the second and third paragraphs still express the existing state of

the law of Ohio. See *Lloyd v. Admr., Bureau of Workmen's Compensation,* 120 Ohio App. 221, 226. However, the third paragraph of the syllabus pertains to whether an injury occurs in the course of employment and must be read in the light of, at least, the second paragraph of the syllabus which pertains to whether the injury occurs both in the course of and arising out of the employment. In *Ashbrook v. Industrial Commission,* 136 Ohio St. 115, the Supreme Court held:

"2. Under the Workmen's Compensation Law, an injury is sustained in the course of employment when it occurs while the workman is engaged in the performance of the duty he is employed to perform. It arises out of the employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury."

As a general rule, traveling to and from work by an employee who has a fixed and limited place of employment is not considered to be an activity in the course of and arising out of the employment within the meaning of the Workmen's Compensation Act. *Lohnes v. Young, Admr.,* 175 Ohio St. 291; *Simerlink v. Young, Admr.,* 172 Ohio St. 427; *Industrial Commission v. Baker,* 127 Ohio St. 345; and *Industrial Commission v. Gintert,* 128 Ohio St. 129. As held in *Industrial Commission v. Baker:*

"4. The Constitution and the statute, providing for compensation from a fund created by assessments upon the industry itself, contemplate only those hazards to be encountered by the employe in the discharge of the duties of his employment, and do not embrace risks and hazards, such as those of travel to and from his place of actual employment over streets and highways, *which are similarly encountered by the public generally.*" (Emphasis added.)

Although it might be said that under the rule expressed in the third paragraph of the syllabus of *Sebek v. Cleveland Graphite Bronze Co.,* 148 Ohio St. 693, the decedent here was in the course of his employment in carrying instructions from his home in Lima to the place where he reported for work at Continental, a much different issue is presented as to whether his death was due to injuries arising out of the employment. At the time of his injuries he was on a route selected by himself, travel-

ing by his own transportation, at a time selected by him. His employer's only requirements were that the end of his route be at Continental and his time of arrival be such that he could start work at 7 a. m. The fact that he was carrying instructions did not require him to travel by a different route by different means of transportation, or at a different time, and, if he were not carrying instructions, the likelihood was that he would have been on the same route at the same time as he was when injured. The carrying of instructions did not place him there, and his injuries did not follow "as a result of exposure occasioned by the nature, conditions or surroundings of the employment." At the time and place, and under the circumstances here prevailing, the hazards to which he was exposed were those "similarly encountered by the public generally."

Viewed in a slightly different light, there is no workmen's compensation coverage when the special task is merely incidental to the travel. As stated in 99 Corpus Juris Secundum 828, Workmen's Compensation, Section 234 d:

"An exception to the general rule, discussed supra Section 232, that the workmen's compensation law ordinarily does not cover an employee injured while going to, or returning from, his employment exists where the injury is sustained by the employee while performing a special task, service, mission, or errand for his employer, even before or after customary working hours, or on a day on which he does not ordinarily work. *For the exception to arise, the mission must be the major factor in the journey or movement, and not merely incidental thereto,* and the mission must be a substantial one; * * *." (Emphasis added.)

We conclude, therefore, as a matter of law, that where an employee receives accidental injuries on a highway, causing his death, while traveling from his home to the place where he reports for work, at a time outside of the hours for which he is paid wages, by a route, at a time, and by a means of transportation, selected by him and under his control, and at such time and place is carrying instructions for and at the direction of his employer, which mission is merely incidental to and not the reason for the journey, such injuries are a result of hazards which are similarly encountered by the public generally, are not

a result of exposure occasioned by the nature, conditions or surroundings of his employment, do not, therefore, arise from his employment and are not compensable under the provisions of the Workmen's Compensation Act.

So concluding, we must also conclude that the Common Pleas Court did not commit error in any of the particulars assigned by the widow appellant in its entry of judgment for the defendant notwithstanding the verdict of the jury for the plaintiff, and that the judgment so entered must be affirmed. The cross-appeal being conditioned upon reversal, and there being no reversal, we do not further consider the assignment of error of the cross-appellant.

*Judgment affirmed.*

YOUNGER, P. J., and MIDDLETON, J., concur.