HESTER, A. K. A. NOWLIN, APPELLEE, *v.* FLOWERS, ADMR.,
BUREAU OF WORKMEN'S COMPENSATION, APPELLANT.

[Cite as Hester v. Flowers, 18 Ohio App. 2d 112.]

(No. 327—Decided January 27, 1969.)

*Messrs. Casper & Casper,* for appellee.

*Mr. William B. Saxbe,* attorney general, *Mr. Walter
J. Howdyshell* and *Mr. Robert J. Dodd, Jr.,* for appellant.

SHANNON, J. This is an appeal on questions of law
taken from an order of the Court of Common Pleas of
Warren County granting plaintiff, appellee herein, the

right to participate in the benefits of the Workmen's Compensation Act.

Plaintiff's deceased husband was engaged as a truck driver hauling stone to construction projects and, ordinarily, reported to work at 7 a. m. However, on September 4, 1964, decedent was requested by his employer to come to work the next day at 6 a. m. and to transport with him (on decedent's motorcycle) a fellow worker.

On September 5, 1964, at about 4:57 a. m., the motorcycle was struck by a motorist and plaintiff's husband was killed. He was alone at the time of the accident.

Thereafter, the application for benefits on account of his death was filed by his wife, appellee here. An investigation of the claim was conducted, evidence submitted, hearing had, and the Administrator of the Bureau of Workmen's Compensation entered an order disallowing the death claim. The administrator found that there was a failure of proof that decedent's death was the result of an injury sustained in the course of and arising out of his employment.

Appeal was taken to the Dayton Regional Board of Review and resulted in the vacation of the order of the administrator and allowance of the death claim. However, the administrator appealed to the Industrial Commission which entered an order vacating the order of the board of review and reinstating and affirming the order of the administrator.

Plaintiff then filed her notice of appeal and petition in the Court of Common Pleas, and the cause was tried without a jury. It was stipulated that the only issue to be resolved was whether plaintiff's deceased husband sustained his fatal injuries "while acting in the course of, and arising out of, his employment."

The court found that it was "uncontradicted" that decedent's employer had instructed him to leave his home early and pick up another employee, who also lived in Middletown, and bring him to the common place of employment. Further, the court found that decedent was killed at a place on a "direct route to the place of employment." The court noted that no testimony or explanation was offered as to

the absence of the fellow worker at the time of the fatal accident. Whereupon, there was a conclusion that:

"From the record and testimony before the court we find that the decedent was acting in the course of his employment in reporting at a time earlier than usual under instructions from his employer both as to the time of reporting and in bringing a fellow employee with him."

Without cavil, decedent's injury to be compensable must come within the definition set forth in Section 4123.-01 (C), Revised Code:

"(C) 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."

Consequently, the burden of proof is upon the claimant to show that the injury resulting in death occurred in the course of and arose out of decedent's employment. *Stevens* v. *Industrial Commission*, 145 Ohio St. 198.

We do not view this matter as one coming within the doctrine of *Marlow* v. *Goodyear Tire & Rubber Co.*, 10 Ohio St. 2d 18, but rather one analogous to that decided in *Pierce* v. *Keller, Admr.*, 6 Ohio App. 2d 25, where the court said:

"Where an employee receives injuries on a highway, causing his death, while traveling from his home to the place where he reports for work, at a time outside the hours for which he is paid wages, by a route, at a time, and by a means of transportation, selected by him and under his control, and at such time and place is carrying instructions for and at the direction of his employer, which mission is merely incidental to and not the reason for the journey, such injuries are a result of hazards which are similarly encountered by the public generally, are not a result of exposure occasioned by the nature, conditions or surroundings of his employment, do not, therefore, arise from his employment and are not compensable under the provisions of the Workmen's Compensation Act."

Although the many decisions involving applications for death benefits under the Workmen's Compensation

Act discuss literally a myriad of fact situations, they must be read with one precept in mind. This controlling factor is succinctly stated in the second paragraph of Judge Griffith's opinion in *Lohnes* v. *Young, Admr.*, 175 Ohio St. 291:

"It is well settled that the Workmen's Compensation Act does not create a general insurance fund for the compensation for injuries in general to employees but only for those injuries which occur in the course of and arise out of the employment."

In the case at bar, decedent had been instructed to pick up another employee to "take him to work." The instructions did not include definition of the route or other particulars. Whether the deceased ever attempted to carry out his employer's request, we do not know. But it is certain that the deceased was the only person riding the motorcycle when it was struck. There is nothing to indicate that the behavior of deceased was influenced in any way by his instructions. He was on a direct route, obviously of his own choice, to work and for all that appears proceeding as he would have had his employer never spoken. The risks to be encountered on his way to work were no different than those facing any other traveler. It could not logically be said the deceased was within the zone of his employment at the time of his injury, a point upon which many of the decisions allowing participation under the act turned.

We can find no proximate causal relationship between the employment of the deceased and the injury causing his death as required by law. *McNees* v. *Cincinnati Street Ry. Co.*, 152 Ohio St. 269.

Therefore, this court determines the fatal injuries suffered here were the result of hazards similarly encountered by the public generally. They were not a result of exposure occasioned by the nature, conditions or surroundings of his employment. They do not fall within the statutory definition of "injury." Consequently, the injuries are not compensable under the Workmen's Compensation Act.

The judgment of the Court of Common Pleas allowing plaintiff to participate under the act is reversed, and judgment is entered in favor of the defendant, appellant herein, administrator.

*Judgment reversed.*

LONG, P. J., and HILDEBRANT, J., concur.