OPINION
{¶ 1} This is an appeal from a summary judgment for an employer on an employee's R.C. 4123.512 appeal to the court of common pleas from a denial of the employee's claim for worker's compensation benefits.
 {¶ 2} Sarah Cartwright was employed by Domino's Pizza ("Domino's") when she was injured in an auto accident on May 8, 2003. Cartwright was a passenger in a vehicle owned and operated by Sara Stanch, who also worked for Domino's as a store manager.
 {¶ 3} Cartwright had been assigned to work at the Domino's Pizza store in Trotwood as an assistant manager. Five days before the accident occurred, Tristan Koehler, supervisor of the Domino's managers in the Dayton area, ordered Cartwright transferred to the Domino's store in Centerville. Instead of as an assistant manager, Cartwright was assigned to work as an hourly employee in the Centerville store. Cartwright was scheduled to begin work at the Centerville store on May 6, 2003, but had yet to report for work in the Centerville store when the accident occurred on May 8, 2003.
 {¶ 4} Sara Stanch was manager of the Domino's store in Trotwood and a friend of Cartwright's. Both, along with other Domino's employees in the Dayton area, were directed to attend a one-day training seminar on May 8, 2003, at the Bestwestern Hotel on Needmore Road. Cartwright asked Stanch to give her a ride from her home to the hotel and from the hotel back to her home after the meeting. Stanch agreed to do so.
 {¶ 5} At the conclusion of the May 8, 2003 training seminar, Tristan Koehler made a general announcement that payroll packets for employees at Domino's locations in the Dayton area were available to be picked up at the Domino's University of Dayton store on Wilmington Avenue and Irving Avenue. Stanch decided to drive to the University of Dayton store to obtain the payroll packets for her own Trotwood store and the Domino's store at Wilmington Pike and Imperial Boulevard before taking Cartwright home.
 {¶ 6} When they arrived at the University of Dayton Domino's store, Cartwright, who had previously performed the task as an assistant manager, went inside and obtained the payroll packets for distribution at the other two stores. As she emerged, Cartwright was seen by Tristan Koehler, who was arriving. After leaving the payroll packet at the Domino's store at Wilmington Pike and Imperial Boulevard, and while driving to the Domino's store in Trotwood, Stanch's vehicle collided with another and Cartwright was injured in the accident.
 {¶ 7} Cartwright filed a claim for worker's compensation, which was denied by the Bureau of Worker's Compensation. She appealed the decision to the Industrial Commission, which affirmed the Bureau's decision. Cartwright appealed from the Commission's decision to the court of common pleas, which granted summary judgment for Domino's on its motion. Cartwright filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR {¶ 8} "THE TRIAL COURT ERRED IN GRANTING APPELLEEE-MPLOYER'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER THE GOING AND COMING RULE APPLIES TO THE FACTS OF THIS CASE."
 SECOND ASSIGNMENT OF ERROR {¶ 9} "EVEN IF THE GOING AND COMING RULE APPLIES, THE TRIAL COURT ERRED IN GRANTING THE APPELLEE-EMPLOYER'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER THE APPELLANT'S INJURY OCCURRED `IN THE COURSE OF' AND `ARISING OUT OF' HER EMPLOYMENT."
 {¶ 10} These assignments of error raise the same determinative issue, and will be considered together.
 {¶ 11} Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First NationalBank Trust Co. (1970), 21 Ohio St.2d 25. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles (1992), 63 Ohio St.3d 326. Further, the issues of law involved are reviewed de novo. Nilavar v.Osborn (1998), 127 Ohio App.3d 1.
 {¶ 12} In order to be compensable by worker's compensation benefits, an employee's injury must be one "received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C).
 {¶ 13} "In the course of" refers to the time, place, and circumstances of the injury, and limits compensation to injuries received while the employee was engaged in a duty required by the employer. Fisher v. Mayfield (1990), 49 Ohio St.3d 275. In many cases, though not all, a "but for" test resolves the question. "Arising out of" requires a causal connection between the injury and the employment. Id.
 {¶ 14} "Whether there is a sufficient `causal connection' between an employee's injury and his employment to justify the right to participate in the Worker's Compensation Fund depends on the totality of the facts and circumstances surrounding the accident, including (1) the proximity of the scene of the accident to the place of employment, (2) the degree of control the employer had over the scene of the accident, and (3) the benefit the employer received from the injured employee's presence at the scene of the accident." Lord v. Daugherty
(1981), 66 Ohio St.2d 441, Syllabus by the Court.
 {¶ 15} "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." MTD Products,Inc. v. Robatin (1991), 61 Ohio St.3d 66, 68.
 {¶ 16} "In determining whether an employee is a fixed-situs employee and therefore within the coming-and-going rule, the focus is on whether the employee commences his or her substantial employment duties only after arriving at a specific and identifiable work place designated by his employer. That focus remains the same even though the employee may be reassigned to a different work place monthly, weekly, or even daily. Despite periodic relocation of job sites, each particular job site may constitute a fixed place of employment." Ruckman v. CubbyDrilling, Inc., (1998), 81 Ohio St.3d 117, paragraph one of the syllabus.
 {¶ 17} On this record, there is no genuine issue of material fact but that Cartwright was a fixed-situs employee of Domino's. That was the nature of her assignments at the Domino's stores in Trotwood and Centerville. Her assignment to attend the one-day training seminar at a different location does not alter her status as a fixed-situs employee.
 {¶ 18} Applying the coming-and-going rule, Cartwright is not entitled to worker's compensation benefits for the injury she suffered in an auto accident while traveling home from work. Cartwright argues that an exception to that rule of exclusion applies to her claim because she was performing a special task, mission or errand for employer when the accident occurred.Pierce v. Keller (1966), 6 Ohio App.2d 25. However, "[f]or the exception to arise, the mission must be the major factor in the journey or movement, and not merely incidental thereto, and the mission must be a substantial one." Id., at p. 604, quoting 99 C.J.S. Workmen's Compensation, Section 234d, p. 828.
 {¶ 19} In Pierce v. Keller, an employee was injured while driving from his home to work. He was in his own vehicle and following his usual route. Because he was also delivering a message to his employer he'd been ordered to deliver, the employee claimed that his injury arose out of his employment, and therefore the coming-and-going rule did not bar his worker's compensation claim. The appellate court rejected the contention, holding that such an exception does not exist unless the employee's errand on his employer's behalf was a major factor in the travel that produced his injury, and not merely incidental to the travel.
 {¶ 20} Even though she was traveling with another Domino's employee, a supervisor, their voluntary ridesharing arrangement, standing alone, creates no basis for coverage. R.C. 4123.452. Neither does the fact that the supervisor, Stanch, was on a mission for employer when the accident occurred render the injury Cartwright suffered one that "was received in the course of" Cartwright's employment. R.C. 4123.01(C). To establish that nexus, and in relation to Cartwright, the three-prong test ofLord v. Daugherty must be satisfied.
 {¶ 21} With respect to the "proximity" prong, it is undisputed that the scene of the accident was remote from Cartwright's place of employment, including the place where the training seminar was held that day.
 {¶ 22} Domino's, the employer, had no direct control over the scene of the auto accident. Any control it might have had was through Stanch, who was driving the car. The extent of the control Stanch exercised, such as it was, is likewise attributed to Domino's.
 {¶ 23} Finally, and most significantly, any benefit Domino's realized from Cartwright's presence at the accident scene is negligible to the point of practical nonexistence.
 {¶ 24} Cartwright, instead of Stanch, had entered the Domino's University of Dayton store to retrieve the pay packets that Stanch intended to distribute. But, otherwise, nothing Cartwright did in the course of their travel from the work site to her home aided Stanch's mission on behalf of Domino's. It involved no duties Cartwright was assigned, and she expected no pay for the part she took in Stanch's work. As to Cartwright, the mission that Stanch undertook for Domino's was merely incidental to the journey to her home in which Cartwright was engaged, and not a major factor in it. Pierce v. Keller.
 {¶ 25} Stanch averred in her affidavit in support of Domino's motion for summary judgment that she had offered to drive Cartwright home, as they had planned, before picking up or distributing the pay packets. Cartwright, in her affidavit, denied that Stanch made the offer. That creates a genuine issue of fact, but not one material to Cartwright's eligibility for worker's compensation. Even absent such an offer, the errand Stanch undertook to perform remains merely incidental to Cartwright's journey home, not a major factor in it. Therefore, the injury Cartwright suffered in the accident was not one and "arising out of (the injured employee's) employment." R.C.4123.01(C).
 {¶ 26} The trial court granted summary judgment on a finding that Cartwright's injury was not one received in the course of Cartwright's employment. We agree, for the reasons explained above. The assignments of error are overruled. The judgment of the trial court will be affirmed.
Wolff, J. And Young, J., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.