[Cite as *Price v. Goodwill Industries of Akron, Ohio, Inc.*, 192 Ohio App.3d 572, 2011-Ohio-783.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PRICE,<br><br>      Appellant,<br><br>v.<br><br>GOODWILL INDUSTRIES<br>OF AKRON, OHIO, INC., ET AL.,<br><br>      Appellees. | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Julie A. Edwards, J.<br>Hon. Patricia A. Delaney, J.<br><br>Case No. 10CA92<br><br><br>O P I N I O N |

CHARACTER OF PROCEEDING:      Richland County Court of Common Pleas,
Case No. 09CV1113

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      February 18, 2011

APPEARANCES:

      Shapiro, Shapiro & Shapiro Co., L.P.A., Geoffrey J. Shapiro, and Leah P. Vanderkay, for appellant.

      Richard Cordray, Attorney General, and Kevin J. Reis, Assistant Attorney General, for appellee Administrator, Ohio Bureau of Workers' Compensation.

Roetzel & Andress, L.P.A., Timothy J. Webster, and Ann M. Eberts, for appellee Goodwill Industries of Akron, Ohio, Inc.


HOFFMAN, Presiding Judge.

{¶ 1} Plaintiff-appellant, Valonne Price, appeals the June 22, 2010 order on motion for summary judgment entered by the Richland County Court of Common Pleas, granting the joint motion for summary judgment filed by defendants-appellees Goodwill

Industries of Akron, Ohio, Inc. ("Goodwill") and the administrator of the Bureau of Workers Compensation ("the administrator").

STATEMENT OF THE CASE AND FACTS

**{¶ 2}** Despite appellant's argument to the contrary, we find that the facts are not disputed in this case. Appellant has been employed by Goodwill since 1996. At all relevant times, appellant was the assistant manager of the Goodwill store in Mansfield, Ohio. As part of her duties, appellant traveled two to four times a year from Mansfield to the Goodwill Office in Akron for training. Appellant was scheduled to attend one of the trainings on September 12, 2007. Appellant left her residence and proceeded to Akron on State Route 30. At approximately 7:10 a.m., appellant's vehicle was struck by a tractor trailer. Appellant sustained numerous injuries and was transported to MedCentral Hospital in Mansfield.

**{¶ 3}** In June 2008, appellant filed for workers' compensation benefits. The district hearing officer as well as the staff hearing officer allowed her claim. Goodwill appealed the decision to the Industrial Commission. Following a hearing conducted on April 28, 2009, the Industrial Commission reversed the decision of the district and staff hearing officers. It found that appellant was not entitled to workers' compensation benefits because she was a fixed-situs employee and therefore was subject to the coming-and-going rule.

**{¶ 4}** Appellant appealed the Industrial Commission's denial of her claim to the Richland County Court of Common Pleas. Goodwill and the administrator filed a joint motion for summary judgment, asserting that the coming-and-going rule applied. The trial court found that appellant was, at all times, a fixed-situs employee and granted

2

summary judgment in favor of Goodwill and the administrator. The trial court memorialized its ruling via an order on motion for summary judgment filed on July 22, 2010.

**{¶ 5}** It is from this entry that appellant appeals, raising the following assignments of error:

**{¶ 6}** "I. The court erred when it awarded summary judgment in favor of the defendants where there existed questions of fact as to whether the coming-and-going rule even applies to this case.

**{¶ 7}** "II. Notwithstanding application of the coming-and-going rule, issues of material fact existed as to whether the plaintiff was injured 'in the course and scope of' and 'arising out of' employment and these issues should be submitted to the trier of fact."

SUMMARY-JUDGMENT STANDARD

**{¶ 8}** Summary-judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. Therefore, we must refer to Civ.R. 56, which provides:

**{¶ 9}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that

3

reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

{¶ 10} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997)*,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996)*,* 75 Ohio St.3d 280.

{¶ 11} It is based upon this standard that we review appellant's assignments of error.

{¶ 12} Because we believe that appellant's assignments of error are interrelated, we shall address those assignments of error together. In her first assignment of error, appellant contends that the trial court erred in granting summary judgment in favor of appellees based upon its finding that the coming-and-going rule was applicable. In her second assignment of error, appellant submits that the trial court erred in granting summary judgment in favor of appellee because she was injured in the course and scope of and/or arising out of her employment.

4

{¶ 13} R.C. Chapter 4123 permits an employee to participate in the workers' compensation Fund if the employee's injury, "whether caused by external accidental means or accidental in character and result, [was] received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Accordingly, for an employee to be eligible for benefits, she must demonstrate both the "in the course of" prong and the "arising out of" prong of R.C. 4123.01(C). *Burkey v. Elyria Maintenance Co.,* 9th Dist. No. 04CA008553, 2005-Ohio-992, at ¶ 10, citing *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271.

{¶ 14} The coming-and-going rule is used to determine whether an injury suffered by an employee in a traffic accident occurs "in the course of" and "arise[s] out of" the employment relationship so as to constitute a compensable injury under R.C. 4123.01(C). "As a general rule, an employee with a fixed place of employment, who is injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist." *MTD Prods., Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 68. The rationale supporting the coming-and-going rule is "[t]he constitution and the statute, providing for compensation from a fund created by assessments upon the industry itself, contemplate only those hazards to be encountered by the employe[e] in the discharge of the duties of his employment, and do not embrace risks and hazards, such as those of travel to and from his place of actual employment over streets and highways, which are similarly encountered by the public generally." *Ruckman v. Cubby Drilling, Inc.* (1998), 81 Ohio St.3d 117, 119, 689 N.E.2d 917, citing *Indus. Comm. v. Baker* (1933), 127 Ohio St. 345, 188 N.E. 560, paragraph four of the syllabus.

{¶ 15} In determining whether an employee is a fixed-situs employee and, therefore, within the coming-and-going rule, the focus is on whether the employee commences her substantial employment duties only after arriving at a specific and identifiable work place designated by her employer. Id. The focus remains the same even though the employee may be reassigned to a different work place monthly, weekly, or even daily. Despite periodic relocation of job sites, each particular job site may constitute a fixed place of employment. Id.

{¶ 16} A fixed-situs employee injured either before commencing or after ending her "substantial employment duties * * * at a specific and identifiable work place" is not eligible for workers' compensation unless she establishes an exception to the coming-and-going rule. Id. at 119.

{¶ 17} The evidence demonstrates that appellant's workday began and ended at the Mansfield store or, on a few occasions each year, at the Akron Goodwill office. Based upon the evidence, we find that the trial court properly determined that appellant was a fixed-situs employee. In fact, in her cross-motion for summary judgment, appellant conceded that she was a fixed-situs employee. Accordingly, she is judicially estopped from asserting error as to the trial court's finding on the issue.

{¶ 18} Classification of appellant as a fixed-situs employee, however, does not end our inquiry. We must next determine whether appellant falls within one of the exceptions to the coming-and-going rule. Appellant asserts that an exception to the general rule applies to her claim because her injury occurred while she was performing a special task, service, mission, or errand for her employer, to wit: attending training in Akron at a minimum of twice a year and a maximum of four times per year. "For the

exception to arise, the mission must be the major factor in the journey or movement, and not merely incidental thereto, and the mission must be a substantial one."  See *Pierce v. Keller* (1966), 6 Ohio App.2d 25.

{¶ 19} We also find that appellant failed to demonstrate that she qualified under the "special mission" exception pursuant to *Pierce.* In *Pierce,* the "special mission" involved the employee's carrying instructions from his employer to his regular work site. The court explained that the employee's carrying instructions for the employer while traveling to work from home did not qualify the employee under the "special mission" exception, because the mission was merely incidental to the journey and not the reason for the journey. Appellant herein was not performing any special task, mission, or errand for her employer when she sustained her injuries. She was merely driving to work, albeit for training that occurred infrequently and not at her usual work place, as part of her job duties. Appellant was not carrying out a "special mission" while she travelled to Akron; commuting to work at a different site does not constitute a special mission contemplated by the exception as explained in *Pierce.*

{¶ 20} Appellant also argues that driving to the manager's training in Akron was a "special hazard." To qualify under the "special-hazard" exception, an employee must show that the risk created by his or her traveling was "distinctive in nature [or] quantitatively greater than the risk common to the general public." *Ruckman*, 81 Ohio St.3d at 123, 689 N.E.2d 917.

{¶ 21} We also find that the injuries appellant sustained were the result of normal hazards regularly encountered by the general public and were not a result of "exposure occasioned by the nature, conditions or surroundings of his employment." *Pierce,* 6

7

Ohio App.2d at 29-30, 215 N.E.2d 601. Appellant failed to show that driving to Akron involved a quantitatively greater risk than the risk encountered by the general public in traveling on the highways.

{¶ 22} Based upon the foregoing, we find the trial court did not err in granting summary judgment in favor of appellees.

{¶ 23} Appellant's first and second assignments of error are overruled.

Judgment affirmed.

EDWARDS and DELANEY, JJ., concur.