[Cite as *Wining v. Unique Ventures Group, L.L.C.*, 2011-Ohio-2474.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| WILLIAM WINING, DECEASED, BY AND THROUGH ZOSIMAR WINING, ADMINISTRATOR, | ) ) ) | |
| | ) | CASE NO.   10 MA 111 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| UNIQUE VENTURES GROUP, LLC, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas Court, Case No. 08CV4917.

JUDGMENT:                                    Affirmed.

APPEARANCES:
For Plaintiff-Appellee:                    Attorney Patrick Fire
                                                    721 Boardman-Poland Road
                                                    Boardman, Ohio  44512

For Defendant-Appellant:                Attorney Michelle Holiday
                                                    614 West Superior Avenue
                                                    Rockefeller Building, Suite 625
                                                    Cleveland, Ohio  44113

                                                    Attorney Jan O'Halloran
                                                    5437 Mahoning Avenue, Suite 22
                                                    Youngstown, Ohio  44515

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                                    Dated:  May 18, 2011

VUKOVICH, J.

¶{1}   Defendant-appellant Unique Ventures Group, LLC (employer) appeals the decision of the Mahoning County Common Pleas Court granting summary judgment to plaintiff-appellee William Wining, Deceased, by and through Zosimar Wining, Administrator of the Estate (estate).  The grant of summary judgment entitled the estate to receive death benefits from the Workers' Compensation Fund.

¶{2}   Employer contends that Wining's death did not occur while "in the course of" and "arising out of" employment.  It asserts that Wining was a fixed-situs employee and, accordingly, since his death occurred while en route to Perkins Restaurant, his place of employment, the coming-and-going rule applies and the only way his death would be compensable would be if one of the exceptions to the coming-and-going rule is applicable.  The estate argued, and the trial court found, that the special mission exception applied.  Employer avers that the holding is incorrect; Wining's action of traveling to his place of employment merely to share his work keys with his fellow associate manager Amanda Howard at a time when he was not scheduled to work does not constitute a special mission.

¶{3}   The estate counters the above arguing that Wining was on a special mission because he was directed by his superiors to share his keys with Howard, he forgot to leave those keys with her went he left, she needed those keys to perform the mandatory and necessary task of locking the restaurant, and that his sole purpose for traveling on the roads that night was to deliver his keys to the restaurant.

¶{4}   Considering the arguments presented, the trial court's grant of summary judgment is hereby affirmed.  As explained in depth below, Wining's sole reason for traveling on the night of his accident was to deliver the keys to the restaurant.  The delivery of the keys was a special mission for the employer because of the importance of securing the restaurant at night was of the utmost importance to mangers and to appellant's Director of Operations.

## STATEMENT OF CASE AND FACTS

¶{5} In the early morning hours of January 6, 2008, Wining was killed while en route to his place of work, Perkins restaurant. Following his death, his widow requested death benefits from the Workers' Compensation Fund. The District Hearing Officer denied the claim finding that William Wining's death did not arise within the scope and course of his employment. The estate appealed that decision. The Staff Hearing Officer reversed the District Hearing Officer's decision and allowed the death benefit. It found that the special mission exception to the coming-and-going rule was applicable. Appellant-employer appealed that decision to the Industrial Commission and the appeal was denied. Employer then appealed to the Mahoning County Common Pleas Court. In response to the notice of appeal, the estate filed a Petition/Complaint to Continue to Participate in the Workers' Compensation Fund. As the matter proceeded through the common pleas court, the parties stipulated to the following facts.

¶{6} On the date of his death, Wining was employed by appellant as Associate Manager of Perkins Restaurant. Amanda Howard was also employed by appellant as Associate Manager. At some point prior to January 6, 2008, Howard had lost her keys to the restaurant. Wining and Howard had made arrangements to share Wining's keys. Around midnight on January 6, 2008, Howard phoned Wining asking if he left his keys for her so that she could close the restaurant. The parties agree that one of the job responsibilities of the closing manager is to secure all doors and locks at the end of their shift. Wining informed Howard that he would return to Perkins to bring his keys to her. While en route to the restaurant Wining was killed in a motor vehicle accident.

¶{7} The parties each filed motions claiming that they were entitled to judgment as a matter of law. They both asserted that the matter before the court was purely a legal question. Specifically, when Wining was killed was he on a special mission for his employer? On June 11, 2010, the trial court issued its judgment and granted summary judgment for the estate finding that at the time of the automobile accident that caused his death, Wining was engaging in a special mission for his employer.

STANDARD OF REVIEW AND PROCEDURAL MATTERS

¶{8}  In reviewing a summary judgment award, we apply a de novo standard of review.  *Cole v. Am. Industries & Resources Corp.* (1998), 128 Ohio App.3d 546, 552, 715 N.E.2d 1179.  Thus, we apply the same test as the trial court.  Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law.  *State ex rel. Parsons v. Flemming* (1994), 68 Ohio St.3d 509, 511, 1994-Ohio-172, 628 N.E.2d 1377.  A "material fact" depends on the substantive law of the claim being litigated.  *Hoyt, Inc. v. Gordon & Assoc., Inc.* (1995), 104 Ohio App.3d 598, 603, 662 N.E.2d 1088, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247-48, 106 S.Ct. 2505.

ASSIGNMENT OF ERROR

¶{9}  "THE TRIAL COURT ERRED WHEN IT FOUND THAT WILLIAM WINING WAS ENTITLED TO PARTICIPATE IN THE WORKERS' COMPENSATION FUND."

¶{10}  "The test of the right to participate in the Workers' Compensation Fund is not whether there was any fault or neglect on the part of the employer or his employees, but whether a 'causal connection' existed between an employee's injury and his employment either through the activities, the conditions or the environment of the employment."  *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 303, 401 N.E.2d 448.  "In the course of" and "arising out of" is the test used to determine whether the injury is compensable.  *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271.  The Supreme Court has explained that these two prongs are conjunctive, requiring both to be satisfied before compensation is allowed.  Id.

¶{11}  As to the "in the course of" prong, the Court has stated that the phrase "limits compensable injuries to those sustained by an employee while performing a required duty in the employer's service.  'To be entitled to workmen's compensation, a workman need not necessarily be injured in the actual performance of work for his employer.'  An injury is compensable if it is sustained by an employee while that employee engages in activity that is consistent with the contract for hire and logically related to the employer's business."  *Ruckman v. Cubby Drilling, Inc.* (1998), 81 Ohio

St.3d 117, 120, 1998-Ohio-455, 689 N.E.2d 917 (internal citations omitted). This prong requires a consideration of factors such as "time, place, and circumstances" of the injury to determine the existence of a nexus between the employment and the activity causing the injury. *Fisher,* supra, at 277.

¶{12} The second prong, "arising out of," contemplates a causal connection between the injury and the employment. *Ruckman,* supra, at 121-122. The analysis under this prong requires a totality of the circumstances review of the incident. Id. at 122. There are three basic factors that the Court set forth to assist in determining whether an injury arose out of the employee's employment: "1) the proximity of the scene of the accident to the place of employment; 2) the degree of control the employer had over the scene of the accident; and 3) the benefit the employer received from the injured employee's presence at the scene of the accident." Id. at 122, quoting *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 444. However, this list is not exhaustive, but rather is illustrative. *Fisher,* supra, at 279, fn. 2. Workers' compensation cases are intensely fact specific and a flexible and analytically sound approach is preferable to rigid rules that can lead to unsound and unfair results. Id. at 280. Likewise, the workers' compensation statutes must be liberally construed in favor of the employee. R.C. 4123.95; *Fisher,* supra, 278.

¶{13} When an employee suffers an injury in a traffic accident, courts use the coming-and-going rule in determining whether the injury occurred "in the course of" and "arises out of" the employment relationship so as to constitute a compensable injury. *Ruckman*, supra, at 119. The coming-and-going rule provides that, in general, an employee with a fixed place of employment who is injured while traveling to and from the place of employment is not entitled to compensation for the injury because the requisite causal connection between the injury and the employment does not exist. *MTD Products, Inc. v. Robatin* (1991), 61 Ohio St.3d 66, 68, 572 N.E.2d 661, citing *Bralley,* supra. However, courts have recognized exceptions to this rule: if the injury occurs in the "zone of employment;" if it was a result of a "special hazard" of the employment; if based upon the totality of the circumstances, there is a sufficient causal connection between the injury and the employment to warrant compensation; or if the injury occurred while the employee was on a special mission, errand, service or task

for the employer. *Stivison v. Goodyear Tire & Rubber Co.* (1997), 80 Ohio St.3d 498, 500, 1997-Ohio-321, 687 N.E.2d 458 (stating "zone of employment" and "special hazard" exception); *Seese v. Ohio Bureau of Workers' Comp.*, 11th Dist. No. 2009-T-0018, 2009-Ohio-6521, ¶33 (discussing special mission exception); *Gonzales v. Administer, Bureau of Workers' Comp.*, 7th Dist. No. 03MA86, 2004-Ohio-1562, ¶14, 28, 36 (discussing "zone of employment," "special hazard" and totality of the circumstances exceptions); *Pierce v. Keller* (1966), 6 Ohio App.2d 25, 215 N.E.2d 601 (discussing special mission, errand, service or task exception).

¶{14} The coming-and-going rule and its exceptions have no application to a non-fixed-situs employee. See *Lippolt v. Hague,* 10th Dist. No. 08AP-140, 2008-Ohio-5070, ¶12, citing *Fletcher v. Northwest Mechanical Contr., Inc.* (1991), 75 Ohio App.3d 466, 473, 599 N.E.2d 822. Where traveling itself is part of the employment, either by virtue of the nature of the occupation or by virtue of the contract of employment, the employment situs is non-fixed.

¶{15} Here, it is undisputed that Wining was a fixed-situs employee. Thus, unless an exception to the coming-and-going rule is applicable, then there is no basis to find that his estate is entitled to death benefits. The only exception argued in this case is the special mission exception.

¶{16} One of the first cases that addressed this exception was the Third Appellate District's *Pierce* case. In *Pierce*, the court explained that in order for the exception to apply, "the mission must be the major factor in the journey or movement, and not merely incidental thereto, and the mission must be a substantial one." *Pierce*, supra, at 29. In that case, the court reasoned that while Pierce's supervisor might have called him the night before and gave him instructions to give to the maintenance crew foreman the next morning upon arriving at work at his regularly scheduled time, such a mission was incidental to and not the reason for the journey. Id. at 29-30. "The fact that he was carrying instructions did not require him to travel by a different route by different means of transportation, or at a different time, and, if he were not carrying instructions, the likelihood was that he would have been on the same route at the same time as he was when injured. The carrying of instructions did not place him there, and his injuries did not follow 'as a result of exposure occasioned by the nature,

conditions or surroundings of the employment.'" Id. See, also, *Monjar v. Mayfield* (1987), 35 Ohio App.3d 76, 519 N.E.2d 681 (stating that there was no special errand when janitor was transporting cleaning supplies by instruction of the employer, because the cleaning supplies did not contribute to the accident and she would have been traveling the same route, at the same time, under the same conditions regardless of whether she was transporting cleaning supplies).

¶{17} Likewise, more recently, the Eleventh Appellate District has looked at the special mission exception and found that it was not applicable to the facts presented to it. *Seese*, 11th Dist. No. 2009-T-0018, 2009-Ohio-6521. In *Seese*, the employee, a union carpenter, was injured while traveling to work on a day that he was not normally scheduled to work. The employer called him on his day off because a storm the night before had damaged the roof and the employer needed a carpenter to repair it. In finding that the exception did not apply, the court stated:

¶{18} "We recognize that *but for* his employer's need for his presence at work due to a storm, he would not have sustained the injuries. However, the courts have required an employee injured while commuting to a fixed work site to satisfy more than the but-for test in order to participate in the Workers' Compensation program." Id. at ¶40 (emphasis in original).

¶{19} It then explained that like the employee in *Pierce*, Seese was not performing any special mission for his employer when he was injured. Id. at ¶42. He was not carrying out a special mission *while* he traveled to work. Id. "Commuting to work on a day not regularly scheduled does not constitute a special mission contemplated by the exception as explained in *Pierce*." Id

¶{20} These cases show that in order for the special mission exception to be met, the mission must be a major factor in the journey; it has to meet more than a "but for" test. Both the trial court and the Staff Hearing Officer found that the delivery of the keys was substantial in the journey to Perkins and thus, the special mission exception has been met. The Staff Hearing Officer explained:

¶{21} "In the claim at hand, the Staff Hearing Officer finds that the criteria of the 'special mission exception' have been satisfied. The Staff Hearing Officer concludes that Wining's errand on the night of 1/6/2008 was performed for the benefit

of his employer. Had Wining not agreed to leave his home on the late evening hours of 1/6/2008, Ms. Howard would have had difficulty securing and locking the restaurant premises. Ms. Howard testified that locking the premises was a substantially important job function. Ms. Savchuk, Direction [sic] of Operations, testified to the urgency in which the Regional Manager should have acted to replace the lost key of Ms. Howard. And Wining's job description charged him with the responsibility of 'security measures and adherence to safety requirements'. All of those factors, when coupled with the knowledge that Wining was not scheduled to work on the evening of 1/6/2008 (and in fact was preparing for bed when Ms. Howard telephoned) persuade this Staff Hearing Officer that Wining's delivery of keys to Ms. Howard constituted a 'special mission' for his employer. The Staff Hearing Officer is similarly persuaded that Wining's delivery of keys to Ms. Howard was the sole and exclusive purpose for his journey, and that it was a journey of substantial importance. Simply stated, Wining's mission to effectuate a proper and secure lock-up of the restaurant on the evening of 1/6/2008 would have assured the protection and security of the employer's property, premises, and business operations by greatly limiting the chance of theft, trespass, arson or other loss."

¶{22} Likewise, the trial court reasoned:

¶{23} "Not only was the delivery of the keys the major factor in his journey that evening, it was the only reason for his journey. Mr. Wining was neither commuting to or driving home from work. The purpose of his excursion that evening was not incidental to his commute to work and he was only operating his vehicle that evening to deliver the keys to Ms. Howard and return home. Certainly, the act of securing and closing the premises was a critical and substantial duty to be performed. The decedent's sole and exclusive purpose for traveling to the restaurant was to perform a special mission of substantial importance to his employer. Delivery of the keys was the major factor in his journey and not merely incidental thereto." 06/11/10 J.E.

¶{24} We agree with the above reasoning. The sole reason for Wining being on the road that evening was to deliver the keys to Ms. Howard so that she could lock the restaurant. Securing the restaurant is a substantially important job. Both associate manager Howard and the Director of Operations for appellant employer,

Patsy Savchuk, attested to the importance of locking up the building at night. (Savchuk Depo. 17-18; Howard Depo. 17). Thus, transporting the keys to the restaurant was the special mission and since he was injured while performing the special mission, the estate is entitled to death benefits. Consequently, this assignment of error has no merit.

¶{25} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Waite, P.J., concurs.
DeGenaro, J., concurs.